FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 2 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JESUS MARIA LOPEZ, Inmate # GDC 1089113, Plaintiff, | :: :: :: :: | CIVIL ACTION NO. 1:07-CV-1505-CAM |
| v. | :: :: | |
| MICHAEL WALLACE, et al., Defendants. | :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, has submitted the instant *pro se* civil rights action. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

AO 72A
(Rev.8/82)

theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983

complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation).

## II. <u>Plaintiff's allegations</u>

Plaintiff, a Colombian national, claims that the seven Defendants – the three Gwinnett County detectives who arrested and interrogated him on January 17, 2001, for kidnaping, aggravated assault, burglary, and possession of a firearm; his trial and appellate attorneys; and the two assistant district attorneys who prosecuted him – violated his right to contact the Colombian Consulate, as provided in Article 36 of the Vienna Convention on Consular Relations (the VCCR). [Doc. 1 ¶¶ III, IV.] Specifically, Plaintiff claims that he informed the detectives upon his arrest that he wished to contact his consulate, but they refused to allow him to do so. He also claims that, although he informed his trial counsel about the detectives' refusal to honor his VCCR rights, "trial counsel failed to correct the problem." [Id. ¶ IV.] Plaintiff further asserts that the prosecutors "knew of this violation and failed to correct it," and, finally, that his appellate counsel advised him "that he has no right to consular notification." [Id.]

Plaintiff states that he was convicted and received a sixty-five year sentence without having an opportunity to contact the Columbian Consulate. [Id.] He contends

that this violation of his VCCR rights is "continuing" because, to date, he has been deprived of consular contact or assistance and has been unable to notify his family members in Colombia about his situation. [Id. ¶ V.] Plaintiff seeks declaratory and injunctive relief as well as nominal, compensatory, and punitive damages. [Id. ¶ VI.]

### III. Discussion

Noting that its precedent "supports the idea that the Vienna Convention does not confer judicially enforceable individual rights," the Eleventh Circuit has opined, in reliance upon the Convention's Preamble and the State Department's interpretation of the treaty itself, that "the only remedies for a violation of the Vienna Convention are diplomatic, political, or derived from international law." Maharaj v. Sec'y for the Dep't of Corr., 432 F.3d 1292, 1307, 1319-20 (11th Cir. 2005) (affirming district court's failure to address merits of habeas petitioner's Vienna Convention claim because it was procedurally defaulted in state court), cert. denied, 127 S. Ct. 348 (2006). See also United States v. Duarte-Acero, 296 F.3d 1277, 1281-82 (11th Cir. 2002) (noting that the "Vienna Convention itself disclaims any intent to create individual rights, stating that its purpose 'is not to benefit individuals but to ensure the efficient performance of functions by consular posts,'" and joining Eleventh Circuit's "sister circuits by holding that a violation of Article 36 of [the VCCR] does not

4

warrant the dismissal of an indictment"); United States v. Rodriguez, 162 Fed. Appx. 853, 857 (11th Cir.) (unpublished opinion) (relying upon Duarte-Acero for proposition that "Vienna Convention does not confer judicially enforceable *individual rights*," and affirming denial of motion to suppress foreign national's statement to border police based on his failure to be advised of his Convention rights), cert. denied, 126 S. Ct. 2875 (2006). But see Darby v. Hawk-Sawyer, 405 F.3d 942, 946 (11th Cir. 2005) (affirming the dismissal of a § 2241 petition and declining to decide "whether the VCCR confers individual rights" because, assuming *arguendo* that "the VCCR confers an individual right to consular assistance, [appellant] failed to show the alleged VCCR violation had a prejudicial effect on his trial").

Based on the foregoing, the undersigned concludes that Plaintiff has no "judicially enforceable" right to consular assistance under the VCCR. See, e.g., Maharaj, 432 F.3d at 1307. Moreover, even if he has such a right, the factual allegations in his complaint are not "enough to raise a right to relief above the speculative level," and, therefore, do not state a claim for relief.[1] See Twombly, __ U.S. at __, 127 S. Ct. at 1965.

---

[1] The Court notes that, to the extent that Plaintiff seeks relief from his convictions and sentences, he has a federal habeas petition pending herein. See Civil Action No. 1:07-CV-1242-CAM, N.D. Ga., filed May 29, 2007.

5

## IV. Conclusion

Accordingly, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 12th day of July, 2007.

_____
CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)